## Keohane, Appellant, v. Quinn.

*Contract—Option—Sale of stock of a corporation—Interest.*

In an action to recover the value of forty shares of stock of a corporation, it appeared that the plaintiff by an agreement in writing granted to defendants the right to purchase the stock at any time after the date of the agreement until a date mentioned for a price mentioned. The plaintiff further agreed to irrevocably assign and transfer the stock to the defendants " so that they could vote said stock, and exercise full dominion and ownership over the same." Defendants agreed to pay interest on the value of the stock until the expiration of the option. It was also provided that if the defendants should decline to purchase the stock on the date mentioned, they should " assign forty shares of capital stock to said party of the first part, and all liability to purchase same or otherwise shall cease and end." The stock was transferred to the defendants on the day that the agreement was executed, and they acquired full dominion over it. The defendants never retransferred to plaintiff any stock. *Held*, that defendants were liable for the purchase price of the shares as fixed in the agreement with interest from the date of the transfer.

Argued Oct. 15, 1901. Appeal, No. 28, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1889, No. 111, on verdict for plaintiff in case of Timothy J. Keohane v. Hugh Quinn and Claude S. Jarvis. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover the value of forty shares of capital stock of the Quaker City Cab Company.

The written agreement upon which the suit was based is quoted in full in the opinion of the Superior Court.

Defendant presented this point:

1. The instrument sued on in this case being treated by defendants as an option and not as a contract of sale, there is a broad and plain distinction between an option and contract of sale. An option is an unaccepted offer. It states the terms and conditions on which the owner is willing to sell his stock, if the holder elects to take it within the time limited. If the holder does so elect he must give notice to the other party and the accepted offer thereby becomes a binding contract. If an acceptance is not made within the time fixed the owner is no longer bound by his offer and the option is at an end. *Answer:* Affirmed.

The court charged as follows:

In the case which is being tried the question is one of law for the court and for review hereafter. [My construction of this contract is that it is an option to purchase the stock and not a sale of the stock, but that the defendant is bound to pay interest and also bound to return the stock. I therefore instruct you to find a verdict for the interest claimed, and that only. You will find a verdict for plaintiff in the amount of $88.16, which is agreed upon as the amount of the interest. I affirm the defendants' point as a question of law, but the plaintiff is entitled to interest.]

Verdict and judgment for plaintiff for $88.16. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*Michael J. Ryan,* for appellant.—Where stock is to be paid for or returned at the option of the purchaser before a certain date, he is liable if he allows the option period to expire without returning the stock: Stevens v. Hertzler, 109 Ala. 423; 2 Benjamin on Sales, 887; Dewey v. Borough of Erie, 14 Pa. 211; Butler v. Leighton School District, 149 Pa. 351; McMillan v. Philadelphia Co., 159 Pa. 142; Huntingdon, etc., R. R. & Coal Co. v. English, 86 Pa. 247.

*Francis H. Thole*, for appellees.

OPINION BY BEAVER, J., December 2, 1901:

The plaintiff assigned and transferred forty shares of the stock of the Quaker City Cab Company, under and in pursuance of a written agreement, the material parts of which follow: " In consideration of the sum of one dollar paid by the parties of the second part to the party of the first part, the receipt whereof is hereby acknowledged, the party of the first part hereby grants the right and option to the parties of the second part, their executors, administrators and assigns, to purchase forty shares of the capital stock of the Quaker City Cab Company at any time after the date hereof until the 15th day of November, A. D. 1897, for the price or sum of twenty-eight dollars and seventy-five cents a share.

" The parties of the second part, in consideration of said option, hereby agree to pay unto the parties of the first part interest upon said stock at the rate or six per centum on one thousand dollars, being the aggregate value of forty shares at twenty-five dollars per share, until the expiration of said option or right to purchase.

" The party of the first part hereby agrees to irrevocably assign and transfer unto the parties of the second part said forty shares of stock, so that they could vote said stock and exercise full dominion and ownership over the same.

" It is distinctly understood and agreed that, if on the 15th day of November, 1897, the parties of the second part shall decline to purchase said stock, then and in such event, the said parties of the second part shall assign forty shares of capital stock to said party of the first part and all liability to purchase same or otherwise shall cease and end."

There was no denial that the said stock had been transferred in accordance with the agreement and that the defendants thereby acquired, as it was intended they should acquire, full dominion and ownership over the same. Under the terms of the agreement, they were not bound to retransfer the same stock but had the right on November 15, 1897, to assign forty shares of capital stock to the plaintiff and end all liability under the agreement. Under this state of facts, the court below held that the agreement was simply an option and that the plaintiff was entitled to recover only the interest upon the value

fixed in the agreement from its date until the date of suit, and directed a verdict for the defendants for that amount. This is assigned for error.

We think the agreement, although called an option, was more than that. It was a contract to sell actually executed, as the testimony of both plaintiff and defendants clearly shows. After the transfer of the stock, which under the terms of the agreement was made so as to enable the defendants to "exercise full dominion and ownership over the same," they could undoubtedly have sold and transferred it, conveying a good title to the purchaser. There was nothing further for the plaintiff to do. It was not incumbent upon him, of course, to make any tender of the stock, for it had been assigned and transferred immediately after the execution of the contract. There was, it is true, a right of rescission reserved by the defendants; but, in order to exercise that right, it was incumbent upon them on the day fixed in the agreement to assign to the plaintiff forty shares of capital stock—presumably, although not so stated, of the Quaker City Cab Company—in which event, as stated in the agreement, "all liability to purchase the same or otherwise shall cease and end." It was not necessary that the shares should have been the same as those transferred by the plaintiff to the defendants. They could have gone into the market and purchased other shares for the purpose; but, in order to avoid liability under the agreement, it was incumbent upon them, on the day fixed, to tender an assignment of forty shares of stock, in order to avoid liability. The word "otherwise" used in connection with liability is significant. The phrase is "liability to purchase the same or otherwise." The defendants, having used the stock as their own from the date of the agreement, when it was assigned to them, until the date fixed in the agreement for its retransfer and having failed to comply with the plain terms of the agreement as to the assignment on November 15, 1897, and down to the date of suit, September 15, 1899, and having exercised dominion and ownership over the stock for more than four years, they were bound by the terms of the agreement and judgment should have been entered for the purchase price of the shares, as fixed therein, with interest from the date of transfer which, as appears by the testimony, was the date of the agreement.

Judgment reversed and a new venire awarded.